USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/09

Pauley, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED
OCT 30 2009
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

HDL INVESTMENTS, LLC,

                   Plaintiff,

      - against -

CITIGROUP ALTERNATIVE INVESTMENTS LLC,
CORPORATE SPECIAL OPPORTUNITIES LTD.,
CSO PARTNERS LTD, CSO US LTD., and CSO
LTD.,

                   Defendants.

09 CIV. 5384 (WHP)

**STIPULATION AND ORDER
FOR THE PRODUCTION AND
EXCHANGE OF
CONFIDENTIAL
INFORMATION**

This matter having come before the Court by stipulation of Plaintiff, HDL Investments, LLC, and Defendants Citigroup Alternative Investments LLC, Corporate Special Opportunities Ltd., CSO Partners Ltd., CSO US Ltd., and CSO Ltd., for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by the parties and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below, and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.   This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential and highly confidential treatment (hereinafter the "Documents" or "Testimony").

2.   Any party may designate Documents produced, or Testimony given, in connection with this action as "confidential" or "highly confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3.   As used herein:

(a)   "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b)   "Highly Confidential Information" shall mean all Documents and Testimony that constitute, reflect and/or contain commercially sensitive information that could place a party or a customer of a party at a business disadvantage relative to the Receiving Party or other party in the case and/or confers an unfair competitive advantage on the receiving party or other party in the case, and that is designated by the Producing Party as "Highly Confidential." Such designation shall be used sparingly and only when necessary to protect a legitimate business interest.

- 2 -

(c)    "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" or "Highly Confidential Information" in connection with document production, depositions or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(d)    "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential Information" in connection with document production, depositions or otherwise.

(e)    "Designating party" shall mean the party to this action who designates material as "Confidential Information" or "Highly Confidential Information", if that party is not the Producing party.

(f)    Nothing herein shall restrict a party's use of its own materials that it produces in discovery or documents that are or become publicly available in a manner other than by violation of this Stipulation or by any other lawful means.

4.    Any party (the "Objecting party") may, at any time, notify the Producing or Designating party that the Objecting party does not concur in the designation of a document or other material as Confidential Information or Highly Confidential Information. If the so notified Producing or Designating party does not agree to declassify such document or material, the Objecting party may move before the Court for an order declassifying those documents or materials. The Producing or Designating party shall then bear the burden of demonstrating that the designation of such document or material is appropriate. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential Information. If such motion is filed, the documents or other materials shall be

NYA908598.2

deemed Confidential Information or Highly Confidential Information unless and until the Court rules otherwise.

5.      Except with the prior written consent of the Producing or Designating party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)     personnel of plaintiff or defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)     personnel and counsel, internal and external, of Citigroup, Inc. and any of Citigroup, Inc.'s affiliates, who are actually engaged in assisting in the preparation of this action for trial or any other proceedings herein and who have been advised of their obligations hereunder;

(c)     counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or any other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or any other proceedings herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(e)     the Court and court personnel, if filed in accordance with paragraph 13 hereof;

- 4 -

(f)    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g)    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

(h)    any other person agreed to by the parties.

6.    Except with the prior written consent of the Producing or Designating party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)    counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or any other proceedings herein; provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(c)    the Court and court personnel, if filed in accordance with paragraph 13 hereof;

(d)    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

- 5 -

(e)    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

(f)    any other person agreed to by the parties.

7.    Confidential Information and Highly Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

8.    Before any disclosure of Confidential Information or Highly Confidential Information is made to an expert witness or consultant pursuant to paragraphs 5(d) or 6(b) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

9.    All depositions shall presumptively be treated as Highly Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately. Any part of a deposition transcript not so classified shall be deemed non-confidential and shall not be subject to the use restrictions set forth in this Stipulation. Nothing in Paragraph 9 shall preclude Mr. Slapp (the managing member of HDL Investments, LLC) from attending depositions in this matter except that, for the avoidance of doubt, Mr. Slapp shall not be entitled to attend those portions of any deposition during which any information designated as Highly Confidential under any of the provisions of this Agreement is discussed or disclosed, nor shall Mr. Slapp be entitled to those portions of any deposition transcript containing such information.

10.    Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such

NYA9015982

steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information.

      11.     This Stipulation shall not preclude counsel for the parties during any deposition in this action from using any documents or information which have been designated as "Confidential Information" or "Highly Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information or Highly Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

      12.     A party may designate as Confidential Information or Highly Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any other party or non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential Information.

      13.   (a)     A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been

designated as comprising or containing Confidential Information or Highly Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information or Highly Confidential Information, shall provide all other parties with seven (7) days written notice of its intent to file such material with the Court, so that the Producing or Designating party, as applicable, may file by Order to Show Cause a motion to seal such Confidential Information or Highly Confidential Information.   The Confidential Information or Highly Confidential Information shall not be filed until the Court renders a decision on the motion to seal.  In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information or Highly Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b)     As an alternative to the procedure set forth in paragraph 13(a), any party may file with the court any documents previously designated as comprising or containing Confidential Information or Highly Confidential Information by submitting such documents to the Clerk of

-8-

Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties, and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Clerk of Court upon disposition of the motion or other proceeding for which they were submitted.

(c)    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information or Highly Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

14.    Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15.    Any document or information that may contain Confidential Information or Highly Confidential Information that has been inadvertently produced without identification as to its "confidential" or "highly confidential" nature as provided in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" or "highly confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

NYA908598.2

16.     Extracts and summaries of Confidential Information or Highly Confidential Information shall also be treated as confidential or highly confidential in accordance with the provisions of this Stipulation.

17.     The production or disclosure of Confidential Information or Highly Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

18.     This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

19.     This Stipulation shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the Producing or Designating party or further order of the Court with respect to dissolution or modification of any the Stipulation.

20.     Nothing herein shall be deemed to waive any privilege or other protection from discovery recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21.     To facilitate the timely production of voluminous documents in compliance with the parties' respective requests for production, the inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or any otherwise applicable protection from discovery or otherwise affect any party's right to seek return of the inadvertently produced document, information, or thing. The party receiving the document(s)

- 10 -

that appears to be privileged or otherwise protected from discovery shall promptly notify the producing party upon becoming aware that the document(s) may have been inadvertently produced and in any event, before making use of said document in its submissions to the Court or otherwise.

22.     In the event documents which are claimed to be privileged or subject to any other applicable protection from discovery are inadvertently produced during discovery, such documents shall be returned by the receiving party within two days of any written request therefor, unless the receiving party challenges the privileged or protected nature of the document(s). A claimed lack of privilege or protection from discovery (and not the inadvertent production) shall be the sole ground for refusing to return inadvertently-produced privileged document(s) and such document(s) shall only be retained while an application to the Court is pending. While such application is pending, the receiving party shall not use or divulge the contents of such document(s) except to the Court under seal. If the Court finds that the document(s) in question is privileged or otherwise protected from discovery, the receiving party shall promptly return all copies of the inadvertently produced document(s) and not retain any copies, notes or summaries of said documents.

23.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been

- 11 -

destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, deposition exhibits, and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24.    This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Jeffrey L. Liddle
Ethan A. Brecher
Maryana A. Kodner
LIDDLE & ROBINSON, L.L.P.
800 Third Avenue
New York, New York 10017
Tel: 212-687-8500
Fax: 212-687-1505
*Attorneys for Plaintiff*

Dated:    10 – 28 – 09

Anthony M. Candido
Laura J. McLaren
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Tel: 212-878-8000
Fax: 212-878-8375

*Attorneys for Defendants*
*Citigroup Alternative Investments LLC and*
*CSO Partners Ltd.*

Dated:  10-28-09

SO ORDERED:

————————————————    - 12 -
WILLIAM H. PAULEY III U.S.D.J.

NYA9085982

_(signature)_

Vincent T. Chang
Randall R. Rainer
Adam M. Bialek
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110

*Attorneys for Defendants*
*Corporate Special Opportunities Ltd.,*
*CSO Ltd., and CSO US Ltd.*

Dated: 10 - 28 - 09

SO ORDERED

_____

Hon. William H. Pauley III, U.S.D.J.

Dated: _____

- 13 -

NYA908598.2

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HDL INVESTMENTS, LLC,

                Plaintiff,

    - against -

CITIGROUP ALTERNATIVE INVESTMENTS LLC,
CORPORATE SPECIAL OPPORTUNITIES LTD.,
CSO PARTNERS LTD, CSO US LTD., and CSO
LTD.,

                Defendants.

09 CIV. 5384 (WHP)

**AGREEMENT TO RESPECT
CONFIDENTIAL AND HIGHLY
CONFIDENTIAL MATERIAL**

I, _____, state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Stipulation for the Production and Exchange of
Confidential Information (the "Stipulation") entered in the above-entitled action on
_____.

    5.    I have carefully read and understand the provisions of the Stipulation.

    6.    I will comply with all of the provisions of the Stipulation.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the
Stipulation, and will use only for purposes of this action, any Confidential or Highly Information
that is disclosed to me.

- 14 -

8.      I will return all Confidential and Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

_____

- 15 -